**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000973
17-JUN-2019
08:55 AM**

NO. CAAP-18-0000973

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LOUIS LANCE KEONI PALAMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO 5DTC-18-002710)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record in appellate court case number CAAP-18-0000973, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Louis Palama (Palama), pro se, appears to be appealing from Plaintiff-Appellee State of Hawaii's (the State) December 18, 2018 citation for operating a motor vehicle without a valid license in violation of HRS § 286-102 (2007 & Supp. 2018) and operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005) that initiated district court criminal case number 5DTC-18-002710. Under these circumstances, the dismissal of this appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals

are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure. In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12(a), the district court must enter either a judgment of conviction with a complete sentence, or an order dismissing the complaint without prejudice, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction and sentence under HRS § 641-12); Nicol, 140 Hawaiʻi at 491, 403 P.3d at 268 (Explaining that "under the Hawaii Revised Statutes, district court defendants . . . in . . . district . . . court may appeal from an order dismissing proceedings without prejudice." (citations omitted)). Although the district court dismissed the charge of operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104, the remaining charge of operating a motor vehicle without a valid license in violation of HRS § 286-102 has not yet gone to trial. Therefore, Palama's appeal is premature, and we lack appellate jurisdiction.

For the purpose of assisting the district court in future similar circumstances, we note that it is unnecessary for the district court to continue a trial based on a jurisdictionally defective appeal. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under

2

the applicable statutory provisions and procedural rules. <u>Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court</u>." <u>State v. Ontiveros</u>, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000973 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 17, 2019.


Presiding Judge


Associate Judge


Associate Judge